## WEBB *against* DUCKINGFIELD.

*Where a seaman who had signed shipping articles, by which he engaged not to absent himself from the vessel, without leave, " until the voyage was ended, and the vessel discharged of her cargo," on the vessel's arriving at her last port of discharge, and being there safely moored, refused to remain and assist in discharging the cargo, but absented himself without leave; it was held, that, by such desertion, he had forfeited his wages.
Though the master has no right to insert in the shipping articles any stipulation, or agreement, repugnant to the laws of the United States, yet he may add any provisions consistent with the laws relative to seamen.*

IN ERROR, on *certiorari* to the justices' court of the city of *New-York*.

*Duckingfield* brought an action in the court below against *Webb*, to recover his wages as a seaman on board of the ketch *Maria*, of which *Webb* was master, on a voyage " from *Savannah* to *Rotterdam*, or one more port in *Europe*, and from thence to her port of discharge in the *United States*." The plaintiff below performed his duty on board the vessel during the voyage, and until she arrived in *New York*, her last port of discharge, and was safely moored in port, when he left her, refusing to remain on board, or to assist in discharging the cargo, though he and the rest of the crew were requested to remain. The plaintiff below never returned to the vessel, and the master was obliged to hire persons to discharge the cargo. The mate, on the day the plaintiff below left the vessel, and on each day until the cargo was discharged, made the following entry in the log-book: " all the crew absent without liberty." The court below being of opinion, that, as the voyage was ended by the arrival and safe mooring of the vessel in her port of discharge, the plaintiff below could not be deemed a deserter, so as to incur a forfeiture of his wages; and further, that, to create a forfeiture, the *name* of the particular seaman who was absent without leave must be entered in the log-book; and they, therefore, gave judgment for the plaintiff below, for 180 dollars, being the amount of wages due to him on the day he left the vessel. The *articles*, signed by the parties, contained the follow-

ing clauses : " the said seamen severally promise, &c., not to neglect or refuse doing duty by day or night, nor shall go out of the said vessel, &c. until the said voyage be ended, and the vessel be discharged of her loading, without leave first obtained of the captain or commanding officer on board." " That no officer, or seaman, belonging to the said vessel, shall demand, or be entitled to, his wages, or any part thereof, until the arrival of the said vessel at her above-mentioned port of discharge, and her cargo delivered." " Provided, nevertheless, that if any of the said crew disobey the orders of the said master, or other officer of the said vessel, or absent himself, at any time, without liberty, his wages, due at the time of such disobedience or absence, shall be forfeited, and in case such person or persons, so forfeiting wages, shall be reinstated, or permitted to do further duty, it shall not do away such forfeiture."

*Anthon*, for the plaintiff in error.

*Van Wyck*, contra.

Van Ness, J., delivered the opinion of the court. All the seamen belonging to the ship, whose last port of delivery was *New-York*, deserted her at that place, as soon as she was moored, and refused to assist in unloading the cargo ; and the question is, can they recover their wages up to the time of the desertion, or not ? The determination of this question has nothing to do with the mate's making an entry in the log-book of the desertion. Such entry, if it had been made, would have been *prima facie* evidence of that fact ; but, as it is fully proved by the other testimony, that is sufficient, without the log-book. The reasons for making these entries in the log-book are accurately stated by Judge *Peters*, (vol. 1. of his *Adm. Dec.* 139.,) and have no application to this cause. By the 6th section of the act of congress for the government and regulation of seamen in the merchants' service, (1 *L. U. S.* 140.,) it is enacted, " that as soon as the voyage is ended, and the cargo, or ballast, be fully discharged at the last port of delivery, every seaman, or mariner, shall be entitled to the wages which shall be then due, according to his contract," &c. From this, as well as the reason and propriety of the thing, the contract with a seaman continues in force until the cargo is finally discharged ; and, if

ALBANY, August, 1816.

WEBB v DUCKINGFIELD.

ALBANY,
August, 1816.

he leaves the ship, without justifiable cause, before that is accomplished, he has no right to recover any part of his wages. The shipping articles contain an express stipulation by which the wages are forfeited, in this case, in the very event which has happened; but the counsel for the seamen supposes this stipulation to be illegal, because it forms no part of what is provided shall be contained in the contract between the master and crew, by the 1st and 2d sections of the act before referred to. The master has no right to insert any stipulation, or agreement, repugnant to, or inconsistent with, the statute; but there can be no objection to superadding any provisions harmonizing with it. Such is the provision in question, which only follows the 6th section of the act, which may be considered as a legislative definition of what shall be deemed to be the termination of a voyage, so as to entitle the seamen to their wages. The principle upon which the two cases of *M'Millan and another* v. *Vanderlip*, (12 *Johns. Rep.* 166.,) and *Jennings* v. *Camp*, (13 *Johns. Rep.* 94.,) were decided, is strictly applicable to this case. The judgment below must be reversed.

Judgment reversed.